SHERYL BERRY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Berry v. Commissioner
Docket No. 19599-93
United States Tax Court
T.C. Memo 1994-224; 1994 Tax Ct. Memo LEXIS 225; 67 T.C.M. (CCH) 2983; May 23, 1994, Filed *225 For respondent: Alan Friday. WELLS
WELLS
MEMORANDUM OPINION WELLS, Judge: The instant case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner failed to file her petition within the time prescribed by section 6213(a) or 7502. Unless otherwise indicated, all section references are to the Internal Revenue Code. A hearing was held on the instant motion. Petitioner did not appear at the hearing, nor did she file a statement under Rule 50(c). Respondent's counsel appeared and was heard. In the notice of deficiency, dated June 1, 1993, respondent determined a deficiency in petitioner's 1990 Federal income tax in the amount of $ 399. At the time the petition was filed in the instant case, petitioner resided in Huntsville, Alabama. The notice of deficiency was mailed on June 1, 1993, by certified mail to petitioner at 1019A Old Monrovia Road, Suite 116, Huntsville, Alabama 35806-3505. On Monday, August 30, 1993, the 90-day period for timely filing a petition in this Court from the notice of deficiency expired. August 30, 1993, was not a legal holiday in the District of Columbia. On September 10, 1993, 101 days after the mailing *226 of the notice of deficiency, the petition was filed with the Court. The envelope in which the petition was received was properly addressed to the United States Tax Court. The envelope was sent by ordinary mail, but the postmark date is illegible. This Court's jurisdiction depends upon a valid notice of deficiency and a timely filed petition. Section 6213(a); . The burden of proving that this Court has jurisdiction is upon petitioner. . Section 6213(a) provides, in pertinent part, that a petition is considered timely if, within 90 days after the notice of deficiency is mailed, the taxpayer files a petition with the Court for a redetermination of the deficiency. Section 7502(a) provides that timely mailing shall be treated as timely filing if a petition is delivered to this Court by U.S. mail after the time period prescribed for its filing and the U.S. postmark date stamped on the envelope is within that time period. If the postmark date is illegible, the taxpayer has the burden of proving the date the postmark was made. *227 ; ; sec. 301.7502-1(c)(iii)(a), Proced. & Admin. Regs. The petition in the instant case was received and filed by the Court on September 10, 1993, more than 90 days after the mailing of the notice of deficiency. As noted above, the postmark on the envelope in which the petition was mailed is illegible. Consequently, to rely on the timely mailing, timely filing provisions of section 7502(a), petitioner must prove the date the postmark was made. Petitioner, however, failed to appear and offer evidence as to the date of the postmark at the hearing on the instant motion. Accordingly, petitioner has failed to prove timely mailing of the petition. Consequently, we must grant respondent's motion to dismiss for lack of jurisdiction. We note that this decision does not have the effect of depriving petitioner of her right to contest respondent's determination, as she may still bring a refund suit in District Court or the Court of Federal Claims. Our decision simply denies petitioner the privilege of contesting the determination *228 in this Court. See ; (quoting . To reflect the foregoing, An appropriate order will be entered.